IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KEYONE KING, #425875 <br> Plaintiff, <br> v. <br><br> STATE ATTORNEY OFFICE, et al. <br> Defendants. | * <br><br> *    CIVIL ACTION NO. RDB-16-743 <br><br> * |

\*\*\*\*\*

## **MEMORANDUM OPINION**

On March 14, 2016, plaintiff Keyone King, who is currently confined at the Western Correctional Institution, filed this 42 U.S.C. § 1983 civil rights action seeking damages of $100,000.00 against the Office of the Baltimore State's Attorney and former Baltimore State's Attorney Greg Bernstein. ECF No. 1. King asserts that on January 22, 2014, he was indicted by a Baltimore grand jury on charges filed by the Office of the State's Attorney, but was not taken before a judicial officer until February 5, 2014. ECF No. 1. He claims that he was placed in the Baltimore Central Booking and Intake Facility without a bail hearing and was "taken to court after five business days and five days with court in session."[1] *Id.* King has filed a Motion for Leave to Proceed In Forma Pauperis which shall be granted. His Complaint, shall, however, be summarily dismissed.

The state court docket shows that on January 9, 2014, King, along with several co-defendants, was charged with drug offenses. He was convicted and sentenced to a total of eight years in October of 2014. *State v. King*, Case No. 114009010 (Circuit Court for Baltimore City). *See* http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis.

---

[1] King alleges that the failure to provide him a bail review prohibited him from gaining drug treatment. ECF No. 1 at p. 3.

King's Complaint for damages may not proceed for a number of reasons. First, his claim against the prosecutor is not colorable. The Office of the State's Attorney and State's Attorney Bernstein are immune from King's § 1983 claims for damages. A prosecutor is a quasi-judicial officer who enjoys absolute immunity when performing prosecutorial, as opposed to investigative or administrative, functions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Springmen v. Williams*, 122 F.3d 211, 212-13 (4th Cir. 1997); *Lyles v. Sparks*, 79 F.3d 372, 376-77 (4th Cir. 1996). Decisions regarding whether and who to prosecute fall within those prosecutorial functions.

Further, to the extent that King's civil rights claim for damages raises a challenge to the constitutionality of his incarceration, it is not appropriately before the Court. Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) a claim for damages challenging a prosecution is barred, as a judgment in King's favor would necessarily imply the invalidity of his criminal conviction.

Finally, insofar as King's Complaint may be generously construed to raise a challenge to his inability to obtain drug treatment due to his lack of bail review, he has failed to state a claim. King does not have a constitutional right to participate in a drug treatment program. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (Congress has given prison officials full discretion to determine eligibility for rehabilitative programs, and prisoners thus have no statutory or constitutional entitlement sufficient to invoke due process); *Abdul-Akbar v. Department of Corrs.*, 910 F.Supp. 986, 1002 (D. Del. 1995) (no right to drug treatment, employment, or other rehabilitation, education, or training programs in prison).[2]

---

[2] King's claim that he was detained for ten days before he saw a "judicial officer" likewise fails to

For the aforementioned reasons, King's motion for leave to proceed in forma pauperis is granted. The Complaint shall, however, be dismissed.

Date: *March 16, 2016*                          /s/ Richard D. Bennett
                                                RICHARD D. BENNETT
                                                UNITED STATES DISTRICT JUDGE

---

state a claim. He alleges no constitutional injury.